UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHONSO MAURICE WILLIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. CV 16-5898 JC<br><br>MEMORANDUM OPINION<br>AND ORDER OF REMAND |

## I.　SUMMARY

On August 8, 2016, Alphonso Maurice Willis ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge. This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion") (collectively "Motions"). The Court has also considered the parties' responses to the Court's April 17, 2017 Order Directing Supplemental Briefing, respectively ("Plaintiff's Supp. Memo") and ("Defendant's Supp. Memo"), as well as the parties' arguments at the telephonic hearing before the Court on September 4, 2017 ("Sep. 4 Hearing"). The Court has
///

taken the Motions under submission without oral argument. <u>See</u> Fed. R. Civ. P.
78; L.R. 7-15; August 9, 2016 Case Management Order ¶ 5.

Based on the record as a whole and the applicable law, the decision of the
Commissioner is remanded for further proceedings consistent with this
Memorandum Opinion and Order of Remand.

## II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On July 1, 2013, plaintiff filed an application for Disability Insurance
Benefits alleging disability beginning on January 1, 2009, due to multiple physical
and mental impairments. (Administrative Record ("AR") 25, 254, 308-09). The
Administrative Law Judge ("ALJ") examined the medical record and heard
testimony from plaintiff (who was represented by counsel) and a vocational expert
on January 11, 2016. (AR 53-105).

On April 27, 2016, the ALJ found, in pertinent part, that (1) plaintiff was
under a disability as defined by the Social Security Act from January 1, 2009
through September 30, 2014; (2) plaintiff completed a trial work period with
service months that began in October 2013 and ended in June 2014; (3) after
completing the trial work period, plaintiff first performed substantial gainful
activity in October 2014; and therefore (4) plaintiff's "disability ended" October 1,
2014. (AR 25-34).

On July 5, 2016, the Appeals Council denied plaintiff's application for
review.[1] (AR 1-6).

///

---

[1]The Appeals Council, among other things, stated that it had considered a June 1, 2016
letter brief from plaintiff's attorney in support of plaintiff's request for review (AR 527-28), and
"concluded that the additional evidence [did] not provide a basis for changing the [ALJ's]
decision." (AR 2). Plaintiff's counsel represented at the hearing that the exhibit attached to
Plaintiff's Motion was provided to the Appeals Council.

III.    **APPLICABLE LEGAL STANDARDS**

    A.    **Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a "final decision of the Commissioner of Social Security" denying an application for benefits only if the denial is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)). To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).

An ALJ's decision to deny benefits must be upheld if the evidence could reasonably support either affirming or reversing the decision. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

    B.    **Pertinent Law**

The Social Security Administration ("SSA") offers several incentives to certain individuals who have been receiving disability benefit payments (*i.e.*, a "beneficiary") to encourage them to attempt to return to work. For instance, during a "trial work period" beneficiaries may perform work activity (*i.e.*, "services") for up to nine months total and "still be considered disabled" (*i.e.*, not lose their eligibility for benefits or have their benefit payments suspended). 20 C.F.R. § 404.1592(a); see also SSA Program Operations Manual System

("POMS")[2] § DI 13010.035 (The Trial Work Period). In addition, beneficiaries who complete a full nine-month trial work period and still have "a disabling impairment" (as defined in 20 C.F.R. § 404.1511) may also qualify for an Extended Period of Eligibility ("EPE"). 42 U.S.C. § 423(a)(1); 20 C.F.R. § 404.1592a(a). An EPE, in pertinent part, provides a 36-month "reentitlement period" during which certain beneficiaries may continue to try to work without losing their overall entitlement to disability benefits, and may even be paid cash benefits in certain months depending on their level of work activity. 20 C.F.R. § 404.316(b)(4), (d) (citing 20 C.F.R. §§ 404.1511, 404.1592, 404.1592a); 20 C.F.R. § 404.1592a(a); see also 20 C.F.R. § 404.1594(g)(3) ("[W]e may pay you benefits for certain months in . . . the reentitlement period which follows the trial work period.") (citing 20 C.F.R. §§ 404.316, 404.1592a); see generally POMS" §§ DI 13010.210 ("Extended Period of Eligibility[] – Overview"), DI 13010.215 ("Procedure for Extended Period of Eligibility[]"); DI 28055.001(A) ("Extended Period of Eligibility[] . . . – General"); DI 28055.005(A) ("How the EPE Works"). The first time a qualifying beneficiary engages in substantial gainful activity ("SGA") during the Extended Period of Eligibility, the Commissioner will find that the beneficiary's "disability ceased" and – after any applicable "grace period" (during which payments continue irrespective of whether or not substantial gainful activity is performed) – stop paying monthly disability benefits to the beneficiary. See 42 U.S.C. § 423(a)(1)(E), (e)(1); 20 C.F.R. §§ 404.401a, 404.1592a(a)(1); 20 C.F.R. § 404.1594(d)(5), (f)(1). However, if, during an applicable reentitlement period, payment of benefits is suspended on the foregoing basis, benefits may be reinstated without a new application, Disability Determination

---

[2]POMS is entitled to respect to the extent it provides a persuasive interpretation of an ambiguous regulation, but it does not impose judicially enforceable duties on either the court or the ALJ. Kennedy v. Colvin, 738 F.3d 1172, 1177 (9th Cir. 2013) (citations, quotation marks and internal quotation marks omitted).

Services (DDS) determination, or waiting period, in any month when the beneficiary's work is not at the SGA level. <u>See</u> 20 C.F.R. § 404.316(b)(4), (d); 20 C.F.R.§ 404.1592a(a), (a)(2)(i); <u>see also</u> 20 C.F.R. § 404.1594(g)(3) ("[W]e may pay you benefits for certain months in . . . the reentitlement period which follows the trial work period.").

**IV. DISCUSSION**

Here, it is undisputed that plaintiff completed a full trial work period by June 2014, and that plaintiff thereafter engaged in substantial gainful activity approximately from October 2014 through February 2015.[3] (AR 33; Plaintiff's Motion at 4; Defendant's Motion at 1; Plaintiff's Supp. Memo at 2; Defendant's Supp. Memo at 2; Sep. 4 Hearing). Plaintiff essentially contends that the ALJ erroneously determined that plaintiff's "disability ended" in October 2014 instead of finding that plaintiff "was still disabled under a[n] Extended Period Of Eligibility" and that the ALJ improperly failed to "re-instate[]" benefit payments when plaintiff stopped performing substantial gainful activity during the reentitlement period. (Plaintiff's Motion at 4; Plaintiff's Supp. Memo at 2-3). Defendant essentially appears to argue that plaintiff was not entitled to an Extended Period of Disability because "[p]laintiff [had] not proven that he was eligible for a reentitlement period after his TWP" and "[had] not proven that he had a disabling impairment" after having engaged in work at the SGA level, and thus the ALJ properly determined that plaintiff's disability ended in October 2014 due to plaintiff's performance of substantial gainful activity from late 2014 to early 2015, and in turn such finding properly triggered a termination of plaintiff's disability benefits in October 2014. (Defendant's Motion at 1-2; Defendant's Supp. Memo at 2; Sep. 4 Hearing).

---

[3]The ALJ determined that plaintiff first performed substantial gainful activity (after completing the trial work period) in October 2014 (AR 33), whereas plaintiff takes the position that it was in September 2014 (Plaintiff's Motion 4, Exhibit 1).

Since the record lacks sufficient clarity for the Court to render a decision on the merits, the matter is remanded for the Commissioner to address the issues below. See generally Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (Social Security Administration "[must] set forth the reasoning behind its decisions in a way that allows for meaningful review.").

First, this matter is remanded for the Commissioner to make a finding as to whether or not plaintiff qualified for/was on an Extended Period of Eligibility following the completion of the trial work period in June 2014. See generally Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) ("[T]he decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court.") (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

Second, to the extent it is the Commissioner's position that plaintiff did not qualify for an EPE, the Commissioner shall set forth the factual and legal basis for such conclusion with sufficient clarity and specificity to allow for meaningful review.[4]

---

[4]The Court recognizes that beneficiaries may qualify for an EPE only if they have completed nine months of trial work and have a "disabling impairment" (as defined in 20 C.F.R. § 404.1511). Section 404.1511 defines a "disabling impairment," in pertinent part, as an impairment (or combination of impairments) that, "when considered with [a beneficiary's] age, education, and work experience, would result in a finding that [the beneficiary is] disabled under [20 C.F.R. § 404.1594]." 20 C.F.R. § 404.1511(a). Section 404.1594(f)(1) – upon which the ALJ appears to have relied (AR 27, 34) – essentially provides that the SSA will find "disability to have ended" whenever a beneficiary is engaging in substantial gainful activity after "any applicable trial work period has been completed[.]" 20 C.F.R. § 404.1594(f)(1). Section 404.1511, however, expressly provides that "earnings are not considered[]" in the determination as to whether a beneficiary has a disabling impairment. 20 C.F.R. § 404.1511(a). Moreover, Section 404.1594(f)(1) itself references Section 404.1594(d)(5), which suggests that the fact that an individual is "currently engaging in substantial gainful activity" is not a factor considered under Section 404.1511 when determining whether a beneficiary continues to have a disabling impairment(s) "for purposes of deciding [] eligibility for a reentitlement period [under Section 404.1592a." 20 C.F.R.§ 404.1594(d)(5). Thus, to the extent the ALJ may have deemed plaintiff

(continued...)

Third, to the extent it is the Commissioner's position that plaintiff did qualify for an Extended Period of Eligibility, the Commissioner shall (1) so state; (2) specify when the applicable EPE began, whether the EPE has ended and, if so, when; (3) also specify when the applicable reentitlement period began and ended; (4) specify whether and, if so, when plaintiff's disability "ceased" for purposes of 20 C.F.R. § 404.1592a(a)(1) ("The first time [a beneficiary] work[s] after the end of [a] trial work period and engage[s] in substantial gainful activity, we will find that [the beneficiary's] disability ceased.") – *e.g.*, clarify whether the ALJ's finding that "[plaintiff's] disability ended October 1, 2014" was intended to comport with 20 C.F.R. § 404.1592a(a)(1); (5) identify the month(s) for which plaintiff was entitled to payment of cash benefits (or reinstatement thereof to the extent payment would have been suspended due to SGA earnings in a prior month) during any applicable reentitlement period and/or grace period; and (6) take whatever administrative action is necessary to process plaintiff's EPE case appropriately.

///
///
///
///
///
///
///
///
///
///

---

[4](...continued)
ineligible for an Extended Period of Eligibility in the first instance based upon plaintiff's work at an SGA level, such a finding does not appear to be consistent with the governing regulations.

7

# V. CONCLUSION[5]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[6]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  September 15, 2017

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[5]The Court need not, and has not adjudicated any other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[6]When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, "additional proceedings can remedy defects in the original administrative proceeding. . . ." Garrison v. Colvin, 759 F.3d 995, 1019 (2014) (citation and internal quotation marks omitted).